HARRIS, Presiding Judge.
Appellant was convicted for trafficking in cannabis, sentenced to ten years’ imprisonment and fined $25,000. He was represented by retained counsel at trial and, after sentence was imposed and notice of appeal given, he retained different counsel to represent him on appeal.
Prior to trial, appellant made a motion in limine seeking to prohibit the State’s witnesses from mentioning a charge against him in another county of possessing 200 pounds of marijuana. The trial court did not expressly rule on the motion but stated the following:
“THE COURT: Well, I don’t know what the evidence is. I know that ya’ll have talked about a case in Decatur but other than that I don’t know anything about it. I will just have to pass on it when it comes up. You can make your motion or objections if it comes up at the appropriate time. I would say to the State though that if they don’t want to have a mistrial they probably need to tread very carefully on that subject, and so will the police officers.
“MR. MORGAN: [Assistant District Attorney]: Yes, sir.
“THE COURT: If there is some reference made to it and I rule or determine that it is as he said, then I would mistry the case.
“MR. MORGAN: Yes, sir. I have already discussed that with the officers.”
Agent William Womack, an undercover narcotics investigator for the Alabama Bureau of Investigation, testified that he met with appellant at the Omelet Shoppe in Madison, Alabama, to arrange a marijuana buy. Appellant told Womack that he could get 100 pounds of high quality marijuana in a few days. Regarding his second meeting with appellant, Womack stated the following:
“I introduced myself to the defendant just as Sam and he told me his name was James Brown. I asked him did he have the stuff, indicating the marijuana. He said no, that it was about 10 minutes away. I told him that was not the agreement. The agreement was that the marijuana and the money would be swapped in the back parking lot. He said that he would not bring it to the Omelet Shoppe because he had been caught in Decatur with 200 pounds.
“MR. THOMAS [Defense counsel]: We object and move for a mistrial.
“THE COURT: Overruled.”
After the State rested, appellant took the stand and admitted the truth of Agent Womack’s testimony, but claimed that he had been entrapped into selling the marijuana. On cross-examination, appellant testified without objection that he had been previously stopped by sheriff’s deputies in Decatur and found to have over 200 pounds of marijuana in his car.
The only issue presented on appeal is whether the trial court erred in overruling appellant’s objection and motion for mistrial following the quoted portion of Agent Womack’s testimony.
In our judgment, the error, if any, in ruling on the admissibility of . the evidence was rendered harmless when appellant’s later testimony established the same facts. See Lewis v. State ex rel. Evans, 387 So.2d 795 (Ala.1980); Tinker v. State, 389 So.2d 597 (Ala.Cr.App.1980); Romine v. State, 384 So.2d 1185 (Ala.Cr.App.), cert. denied, 384 So.2d 1188 (Ala.1980); Burlison v. State, 369 So.2d 844 (Ala.Cr.App.), cert. denied, 369 So.2d 854 (Ala.1979).
*1373 The judgment of conviction is affirmed,
AFFIRMED.
All the Judges concur.